IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**CHARLETTE DUFRAY JOHNSON**,

          **Petitioner,**

**v.**                                 **Case No.: 1:19-cv-00300**

**WARDEN,**
**Alderson Prison Camp,**

          **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 2); Respondent's Response and request to dismiss, or in the alternative to transfer, (ECF No. 10), Petitioner's Motion regarding the reassignment of the instant action, (ECF No. 17); and Petitioner's Motion for Summary Judgment Pursuant to Rule 56(A). (ECF No. 19). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Petitioner's Motion regarding the reassignment of the case; **DENY** Petitioner's Petition for a Writ of Habeas Corpus and Motion for Summary Judgment Pursuant to Rule 56(A); **GRANT** Respondent's request for dismissal; and **DISMISS** this action, with prejudice, and remove it from the docket of the Court.

## I.    <u>Relevant Facts</u>

On November 24, 2010, a federal grand jury, sitting in the Eastern District of North Carolina, returned a superseding indictment charging Petitioner, Charlette Dufray Johnson ("Johnson"), with federal fraud crimes. *United States v. Johnson*, No. 7:10-cr-00093-BR (E.D.N.C. Aug. 2010) at ECF No. 24. Specifically, the indictment charged Johnson with six counts of making false, fictitious, or fraudulent claims for disaster relief, in violation of 18 U.S.C. § 287 ("Counts One-Six"); eight counts of wire fraud, in violation of 18 U.S.C. § 1343 ("Counts Seven-Fourteen"); and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A ("Counts Fifteen and Sixteen"). *Id.* at 5-9.

On January 31, 2011, Johnson pled guilty in the District Court for the Eastern District of North Carolina ("District Court") to Counts One, Four, and Seven through Sixteen of the superseding indictment. *Id.* at ECF No. 45. In return, the United States made an oral motion to dismiss Counts Two, Three, Five, and Six. *Id.* At the Rule 11 hearing, prior to accepting Johnson's guilty plea, the District Court asked Johnson if she fully understood the charges against her, and she responded affirmatively. *Id.* at ECF No. 57 at 22-23. Johnson asserted that she was satisfied with her attorney's performance, and had not been threatened in any way or forced into entering her guilty plea. *Id.* at 23-26.

The Assistant United States Attorney ("AUSA") representing the United States asserted that, if the case went to trial, the United States was prepared to prove that Johnson submitted numerous fraudulent claims for disaster relief to the Federal Emergency Management Agency ("FEMA"), listing properties she did not own and alleging that they had been damaged by natural disasters. *Id.* at 27-28. With respect to Counts Seven through Fourteen, charging wire fraud, the AUSA indicated that the United States was prepared to prove that Johnson submitted numerous documents across state

2

lines in pursuit of a fraudulent claim for relief related to the 2010 British Petroleum oil spill in the Gulf of Mexico. *Johnson,* No. 7:10-cr-00093-BR at 28-30. Finally, the AUSA stated that the United States was prepared to prove with respect to the identity theft counts that Johnson utilized the identification of her deceased sister in furtherance of these fraudulent claims. *Id.* at 30-31. Johnson conceded that the United States would be able to prove the claims as stated. *Id.* at 31.

On February 8, 2011, Johnson submitted a *pro se* motion, requesting that she be permitted to withdraw her guilty plea as it was improperly induced by government intimidation. *Id.* at ECF No. 46 at 2-3. The District Court denied this motion on March 9, 2011. [1] *Id.* at ECF No. 59. Johnson's sentencing hearing was held on July 5, 2011, and the District Court imposed a total term of 121 months in prison, five years of supervised release, and restitution in the amount of $107,593.30. *Id.* at ECF No. 77.

On May 4, 2012, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") issued an opinion in which it affirmed Johnson's convictions, but vacated the sentence imposed by the District Court and remanded the case for resentencing. *Johnson,* No. 7:10-cr-00093-BR at ECF No. 108 at 2. The Fourth Circuit found unavailing Johnson's numerous attacks on her convictions, including a claim that the District Court erred in declining to allow Johnson to withdraw her guilty plea. *Id.* at 2-3. The Fourth Circuit concluded, however, that the District Court did err in fashioning Johnson's sentence when it failed to adequately explain the factual basis for a "vulnerable victim" enhancement made pursuant to the United States Sentencing Guidelines ("Guidelines"),

---

[1] Johnson submitted numerous objections, letters, motions, requests for new attorneys, and interlocutory appeals during the pendency of her criminal proceedings. In the interest of brevity, the undersigned has only included those motions necessary to understand the course of proceedings relevant to the instant petition.

and for the amount of restitution Johnson was ordered to pay. *Id.* at 4-7.

On November 5, 2012, following a resentencing hearing, the District Court imposed a total term of 145 months in prison, with 5 years of supervised release, and a restitution payment amount of $53,666.30. *Id.* at ECF No. 162. Johnson appealed the sentence. *Id.* at ECF No. 163. On September 10, 2013, the Fourth Circuit affirmed in part, and vacated in part, Johnson's sentence. *Johnson,* No. 7:10-cr-00093-BR at ECF No. 183 at 9. The Fourth Circuit first concluded that Johnson's challenges to her convictions were not cognizable as her case had been remanded for the limited purpose of resentencing issues. *Id.* at 3-4. The Fourth Circuit additionally rejected numerous challenges raised by Johnson regarding her sentence. *Id.* at 4. The Fourth Circuit determined, however, that the decision of the Supreme Court of the United States ("Supreme Court") in *Alleyne v. United States*, 133 S. Ct. 2151 (2013)—which had been issued following Johnson's resentencing hearing—mandated a remand so that the District Court might consider what impact, if any, the decision had on Johnson's sentence. *Id.* at 6. The Fourth Circuit also noted that the District Court had imposed a more severe sentence on remand by application of consecutive, rather than concurrent, sentences on two counts, and due to the paucity of reasoning supplied by the District Court for this increase, it was not clear if the increase was justified or even intentional. *Id.* at 7-8. Accordingly, the Fourth Circuit remanded the case to the District Court for the limited purpose of determining whether the sentence was in compliance with the recent Supreme Court decision in *Alleyne*, as well as to clarify its decision to impose a more severe sentence on remand. *Id.* at 9.

Johnson's second resentencing hearing was held on April 2, 2014. *Johnson,* No. 7:10-cr-00093-BR at ECF No. 220. At the hearing, the District Court determined that the ruling in *Alleyne* did not impact the legality of Johnson's sentence as the Guidelines

4

enhancements applied did not impose a mandatory minimum sentence, and the sentence imposed did not exceed the statutory maximum sentence. *Id.* at ECF No. 235 at 6-9. The District Court further explained that imposing the sentences on Counts Fifteen and Sixteen to run consecutively rather than concurrently on remand had been an inadvertent error, and the District Court had not intended to impose a harsher sentence on remand. *Id.* at 11. The District Court accordingly imposed a sentence of 60 months on Counts One and Four, to run concurrently with a sentence of 97 months on Counts Seven through Fourteen. The District Court additionally imposed a sentence of 24 months on Counts Fifteen and Sixteen, set to run concurrently with each other, but consecutive to the sentences imposed on Counts One and Four, and Seven through Fourteen. This resulted in a total term of incarceration of 121 months. *Id.* at 18-19. The District Court further dismissed Counts Two, Three, Five, and Six, and assigned a term of supervised release of 5 years. *Id.* at 9. Johnson was ordered to pay $53,666.30 in restitution with interest waived. *Id.* at 21.

Johnson submitted a written Notice of Appeal on April 7, 2014. *Johnson,* No. 7:10-cr-00093-BR at ECF No. 225. On December 2, 2014, the Fourth Circuit issued an opinion upholding Johnson's sentence. *Id.* at ECF No. 237 at 2. The Fourth Circuit concluded that the District Court did not err in determining that the constitutionality of Johnson's sentence was not affected by the Supreme Court's decision in *Alleyne*. *Id.* at 4.  The Fourth Circuit also rejected Johnson's claim of judicial bias. *Id.* at 5-6.

On December 19, 2014, Johnson submitted a Motion for Writ pursuant to 28 USC 2243 Render Indictment Defective, Order Immediate Release [sic]. *Id.* at ECF No. 239. In the motion, Johnson argued that she was entitled to immediate release from custody due to defects in her indictment. *Id.* at 3-4. The District Court dismissed Johnson's

5

motion on January 16, 2015, finding that the motion should be construed as one filed pursuant to 28 U.S.C. § 2255. *Johnson,* No. 7:10-cr-00093-BR at ECF No. 241 at 3. The District Court dismissed the motion, without prejudice, instructing Johnson to file a § 2255 petition using the appropriate form. *Id.* The District Court also dismissed an earlier filed motion for recusal submitted by Johnson. *Id.* Johnson appealed this dismissal, arguing that the District Court had erred in rejecting her motion made under § 2243. *Id.* at ECF No. 242 at 1-2.

On April 2, 2015, Johnson submitted a Motion to Vacate her sentence pursuant to § 2255. *Id.* at ECF No. 246. In her motion, Johnson laid out a number of claims alleging that her convictions and sentence were invalid. *Id.* at ECF No. 246-1. On April 8, 2015, the District Court entered an Order holding in abeyance Johnson's § 2255 motion until the conclusion of Johnson's appeal of the District Court's dismissal of her motion made under § 2243. *Johnson,* No. 7:10-cr-00093-BR at ECF No. 249. On April 21, 2015, the Fourth Circuit dismissed Johnson's appeal of the denial of her § 2243 motion, finding that because the District Court merely dismissed the motion so that Johnson could refile it using the proper forms, it was not an order properly subject to appeal. *Id.* at ECF No. 251 at 2.

On June 11, 2015, the District Court denied Johnson's § 2255 motion. *Id.* at ECF No. 255. The District Court determined that Johnson's claim that the indictment was defective because the wire fraud counts charged "only emails," rather than stating the actual monetary loss, was unavailing both because Johnson's guilty plea waived any such objections, and because the amount of monetary loss need not be specifically charged in the indictment. *Id.* at 2-3. The District Court also denied Johnson's claim that her Guidelines level had been improperly enhanced by consideration of the amount of money

6

she intended to fraudulently obtain, rather than the actual amount she secured, finding that the enhancement was proper, and an error in Guidelines calculation is generally insufficient as a basis for habeas relief. *Id.* at 3-4. The District Court concluded that Johnson's remaining claims were merely recitations of the same arguments, or were otherwise unpersuasive, and accordingly dismissed the § 2255 motion. *Id.* at 4-5. The District Court declined to grant a certificate of appealability. *Id.* at 5-6.

On June 26, 2015, Johnson filed an appeal, arguing that the District Court abused its discretion in denying her motion. *Johnson,* No. 7:10-cr-00093-BR at ECF No. 260 at 1-2. On September 14, 2015, the Fourth Circuit affirmed the District Court's dismissal of Johnson's § 2255 motion, finding that Johnson had failed to show she was entitled to a certificate of appealability. *Id.* at ECF No. 266 at 2-3.

On May 24, 2017, Johnson filed a petition pursuant to Federal Rule of Civil Procedure 60(b)(4), and the All Writs Act, 28 U.S.C. § 1651, arguing that her convictions were void. *Id.* at ECF No. 286. In support of her contention, Johnson argued that Public Law 80-772 was never constitutionally passed by both houses of Congress. *Id.* at 2. Because this law created 18 U.S.C. § 3231, which provides the jurisdictional grant over all criminal matters to federal district courts, Johnson contended that her convictions were void. *Id.* Johnson attached a number of exhibits in support of her motion, which purportedly showed that no quorum existed when the United States House of Representatives voted on Public Law 80-772, as well as detailing other procedural irregularities in the passage of the law. *Johnson,* No. 7:10-cr-00093-BR at ECF No. 286 at 4-5. Johnson also claimed that, with respect to § 3231, the House passed a different bill than that which was later passed by the United States Senate, rendering the law invalid. *Id.* at 31-32.

7

Johnson contended that due to the unconstitutionality of her detention, she was entitled to damages for kidnapping and false imprisonment from the United States Department of Justice ("DOJ"). *Id.* at 6. Johnson also asserted that both the district judge who oversaw her criminal case, as well as the United States prosecutors, who pursued the convictions, were guilty of criminal conduct due to their actions in obtaining and upholding illegal convictions. *Id.* at 20-23.[2] Johnson raised numerous additional claims including a claim that the judge who presided over her criminal case lacked the necessary qualifications to do so, that no quorum existed for the grand jury which provided her indictment, and that the DOJ was guilty of perjury for submitting a false budget to Congress. *Id.* at 25-43.

On August 2, 2017, the District Court dismissed Johnson's motion. *Johnson,* No. 7:10-cr-00093-BR at ECF No. 289. The District Court determined that the motion was properly construed as a second or successive motion under § 2255, Johnson was required to first seek authorization to file the motion from the Fourth Circuit. *Id.* at 1. The District Court accordingly dismissed the petition without prejudice. *Id.*

Johnson appealed the District Court's order on August 17, 2017, arguing that the District Court had erred in construing her motion as one made under § 2255, and that she was entitled to immediate release from custody. *Id.* at ECF No. 290 at 9-11. On October 20, 2017, the Fourth Circuit issued an opinion in which it concluded that the District Court had not erred in construing Johnson's petition as a motion under § 2255 over which it lacked subject matter jurisdiction. *Id.* at ECF No. 293 at 2. The Fourth Circuit went on

---

[2] Johnson had previously filed a lawsuit alleging that a number of individuals involved in her criminal case, including the presiding judge, a number of prosecutors and public defenders, a probation officer, and a case agent, had conspired to violate her constitutional rights. *See Johnson v. Britt et. al.,* 5:14-ct-03270-D (E.D.N.C. Oct. 2014). The case was dismissed in May 2015. *Id.* at ECF No. 16.

to construe Johnson's appeal of the District Court's order as an application to file a second or successive § 2255 motion. *Id.* at 2-3. The Fourth Circuit noted that in order to be entitled to file a second or successive § 2255 motion, Johnson was required to meet the criteria of 28 U.S.C. § 2255(h) by showing that her motion would rest on either newly discovered evidence, or a new rule of constitutional law. *Id.* at 3. The Fourth Circuit concluded that "Johnson's claims do not satisfy either of these criteria," and therefore dismissed her application. *Id.*

On December 27, 2017, the Fourth Circuit denied Johnson's petition for a rehearing. *Johnson,* No. 7:10-cr-00093-BR at 296. Johnson filed a petition for a writ of certiorari with the Supreme Court seeking to have the Fourth Circuit's opinion overturned. *Id.* at ECF No. 299. The Supreme Court declined Johnson's petition on October 1, 2018. *Id.* at ECF No. 300.

On February 21, 2018, Johnson filed a Motion requesting authorization to file a successive application for post-conviction relief. *In re: Dufray Johnson*, Case No. 18-134, Fourth Circuit Court of Appeals, Document No. 2. In the motion, Johnson again asserted that Public Law 80-772 was not constitutionally enacted and therefore void. *Id.* at Document 2-1 at 3-5. Johnson attached a number of documents in support, claiming that the discovery of this new evidence entitled her to file a second or successive petition. *Id.* at 6-7. The Fourth Circuit denied Johnson's application on March 21, 2018. *Id.* at Document No. 9.

On April 18, 2019, Johnson submitted the instant § 2241 petition. (ECF No. 2). In the petition, Johnson argues that Public Law 80–772, which became Title 18 of the United States Code (including § 3231), is unconstitutional because its passage violated the Quorum Clause of the United States Constitution, rendering Johnson's convictions void.

(*Id.* at 2). Johnson asserts that no quorum was present on May 12, 1947 when the House of Representative voted on H.R. 3190, which became public Law 80-772. (ECF No. 2 at 6; 2-1 at 19). Johnson contends that she is entitled to file this action under § 2241, rather than § 2255, because "this illegal or false imprisonment can only be challenge [sic] under [§] 2241[,] cannot be challenged under [§] 2255." (*Id.* at 4).

Johnson provides an accompanying brief further detailing her claims. (ECF No. 3). In the brief, Johnson asserts that her petition raises the issue of a "national crisis" of "false imprisonment," which has been perpetuated by the DOJ for over 70 years. (ECF No. 3 at 4). Johnson cites to the Supreme Court case, *Bond v. United States*, 564 U.S. 211 (2011), in support of her argument. (*Id.* at 3-4). Johnson argues that she is subject to false imprisonment because the law under which she obtained her convictions, § 3231, is invalid. (ECF No. 3-1 at 5). Johnson indicates that the law is invalid because it was not passed by both houses of Congress with a valid quorum present. (*Id.* at 3; 3-1 at 7). Accordingly, Johnson asks this Court to issue an order declaring § 3231 void, invalidate Johnson's convictions, and order her immediate release. (ECF No. 3-1 at 6).

Johnson attaches a number of documents in support of her claim. These documents include letters, emails, and affidavits that discuss the enactment and legislative history of Public Law 80-772. In one such letter, dated September 11, 2006, Karen L. Haas, Clerk of the U.S. House of Representatives, states that she was unable to find any evidence of a vote on May 12, 1947, on H.R. 3190 in the Journal of the House of Representatives and that the Congressional Record indicates that a quorum was not present when the House voted to amend H.R. 3190. (ECF No. 2-1 at 22). Johnson also includes an email from Harley G. Lappin, Director of the Federal Bureau of Prisons, to the Bureau's department heads, dated July 27, 2009. In that email, Mr. Lappin states,

among other things, that there is no record of a quorum being present in the House on May 12, 1947. (*Id.* at 19). The remaining documents are a letter from Nancy Erikson, Secretary of the Senate, to a Wayne E. Matthews, dated March 9, 2009, stating that no action was taken by the Senate on H.R. 3190 prior to the December 1947 *sine die* adjournment (*Id.* at 21); a February 14, 2018, affidavit from Thomas Gapa, a former inmate of the United States Bureau of Prisons ("BOP"), stating that the email from Mr. Lappin is genuine (*Id.* at 24-26); an affidavit dated June 2, 2017, produced by Judge Walter Earl Swetlick, a retired Wisconsin state judge, who asserts in the affidavit that his research has confirmed that Public Law 80-772 "does not exist in any shape or form" and is in fact a "non-existent statute" (*Id.* at 28); an August 14, 2017, affidavit from Ronald Titlbach, in which Mr. Titlbach asserts that his independent research has confirmed that Public Law 80-772 "was never constitutionally enacted," rendering § 3231 "*void ab initio*" (*Id.* at 29); an affidavit from Alan Bernitt, dated April 13, 2018, in which Mr. Bernitt states he witnessed a federal district judge, sitting in the Western District of Wisconsin, allow 26 detainees to be released after being informed about the unconstitutionality of § 3231 (*Id.* at 31); an October 12, 2018 email sent by Lawful Remedies, a legal remedies service located in Austin Texas, detailing an unnamed study conducted by 3 law professors and "26 of the top law students" which concluded that any person who used the currently enacted federal criminal statutes to obtain convictions would be guilty of "fraud on the court." (*Id.* at 33).

On June 10, 2019, the undersigned entered an Order directing Respondent to provide a response to Johnson's petition within 60 days of the entry of the Order. (ECF No. 7). On August 7, 2019, Johnson filed a Motion [for] Default Judgment Pursuant [to] Fed. R. Civ (p) 55(b) [sic]. (ECF No. 12). In the motion, Johnson argued that as

Respondent had failed to comply with this Court's Order to respond to her petition within 60 days, she was entitled to default judgment. (*Id.* at 1).

On August 8, 2019, Respondent submitted a Response in Opposition to Petition for Writ of Habeas Corpus, requesting that the petition be dismissed, or in the alternative, transferred. (ECF No. 10). Respondent argues that Johnson's motion—which challenges the validity of her conviction rather than the execution of her sentence—should have been filed under § 2255, not § 2241. (*Id.* at 4). Respondent contends that as the petition does not meet the narrow exception permitting challenges to the validity of a conviction to be raised in a § 2241 petition, this Court lacks jurisdiction over Johnson's § 2255 motion and must either transfer it, or dismiss it outright. (*Id.* at 6-7).

On August 13, 2019, the Clerk of Court entered an Order indicating that, due to a clerical error, the action was to be reassigned from the docket of District Judge, Irene C. Berger, to the docket of District Judge, David A. Faber. (ECF No. 13). On August 15, 2019, Johnson requested that she be permitted to withdraw as moot her motion for default judgment as Respondent had submitted a timely response to her petition. (ECF No. 14). On August 16, 2019, the undersigned granted Johnson's request to withdraw as moot her motion for default judgment. (ECF No. 15).

Johnson submitted a Response to Respondent's filing on August 16, 2019, asserting that because Respondent failed to defend the validity of § 3231, she is entitled to judgment in her favor. (ECF No. 16 at 2). Johnson additionally asserts that Respondent's contention she has improperly filed this petition under § 2241 is incorrect because "the rule of constitutional law states all unconstitutional restraints, addressed [sic] under 28 U.S.C. 2241…" (*Id.* at 3). Johnson reiterates her arguments regarding the unconstitutionality of § 3231 and her detention pursuant to that statute, and requests that

12

she be granted immediate release. (*Id.* at 4-9).

On August 21, 2019, Johnson submitted a motion in response to the Clerk of Court's reassignment of her case. (ECF No. 17). Johnson objects to the reassignment, noting she did not request any reassignment and she has not observed any clerical error. (*Id.* at 1). Johnson believes the reassignment of the case to Judge Faber, "seems underhanded, also bias [sic]." (*Id.* at 2). Johnson requests that the case not be reassigned from Judge Berger to Judge Faber. (*Id.* at 3). On August 22, 2019, Johnson submitted a supplemental response, providing further argument regarding her objection to the reassignment of her case. (ECF No. 18). Johnson asserts that the Clerk had "no right" to reassign her case as Judge Berger has not committed any misconduct. (*Id.* at 1-2).

On August 28, 2019, Johnson submitted a Motion for Summary Judgment Pursuant [sic] Rule 56(A). (ECF No. 19). Johnson believes she is entitled to summary judgment because Respondent failed to defend the validity of § 3231 in the response to Johnson's petition. (*Id.* at 2). Johnson believes this failure to defend the law proves "all facts presented are true." (*Id.*). Johnson requests that this Court grant her motion for summary judgment and enter an order reversing her convictions. (*Id.* at 4). On August 30, 2019, Johnson was released from prison.[3] On November 15, 2019, Johnson filed a Writ of Mandamus in the Fourth Circuit requesting that this Court be ordered to grant her summary judgment request. (ECF No. 23 at 3).

## II. <u>Discussion</u>

As an initial matter, the undersigned notes that, since the filing of her petition, Johnson has served her term of imprisonment and is no longer incarcerated on the crime

---

[3] *See* https://www.bop.gov/inmateloc/

of conviction. (ECF No. 20). Although Johnson is no longer serving the prison sentence to which she objects, her case has not been rendered moot, because she remains on supervised release. *See United States v. Johnson*, 729 F. App'x 229, 230 (4th Cir. 2018) ("As an initial matter, we hold that [the petitioner's] release does not render this appeal moot as he remains on supervised release…"). Accordingly, the undersigned **FINDS** that Johnson's petition may be considered on the merits notwithstanding her release from prison.

Despite the title she affixes to her petition, Johnson unequivocally challenges the validity of her convictions, and not the execution of her sentence. As such, her filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas corpus pursuant to § 2241. It states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor

simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The Fourth Circuit held in *Wheeler* that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, No. 01-6151, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*,

573 Fed. Appx. 268 (4th Cir. 2014).

### A. The Petition as a § 2241 Motion

### 1. Reassignment of case

Johnson objects to the reassignment order entered by the Clerk of Court, indicating that due to a clerical error in assigning the case to Judge Berger's docket, the case would be reassigned to Judge Faber. (ECF No. 13). Johnson believes this reassignment "seems underhanded also bias [sic]," and asserts that the case should not be reassigned. (ECF No. 17 at 2-3). A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. "28 U.S.C. § 455(a). The inquiry considers "whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). No reasonable person would have a basis for suspicion regarding a judge's impartiality based on the reassignment of a case due to clerical error. Accordingly, the undersigned **FINDS** that, to the extent Johnson's motion in response to the Clerk of Court's reassignment of this case should be taken as an objection to the reassignment, this objection should be **DENIED**.

### 2. Johnson is not entitled to use the savings clause

#### i. the petition does not rely on retroactive law

The savings clause is intended to provide an avenue of relief for federal inmates for whom the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of their detention. 28 U.S.C. § 2255(e); *Swain v. Pressley*, 430 U.S. 372, 381 (1977). The remedy provided by § 2255 is not inadequate or ineffective, however, merely because claims which could have been raised in an initial § 2255 petition are now barred by the rules prohibiting successive or untimely petitions. *See Robinson v. Warden of Lee Cty*.

*U.S.P.,* No. 7:19CV00205, 2019 WL 2067220, at *2 (W.D. Va. May 10, 2019) ("Rather, his arguments in the § 2241 petition fall squarely in the category of claims that he could have raised in his § 2255 motion. The fact that such claims would now be barred as successive or untimely filed if raised in a second § 2255 motion does not authorize [the petitioner] to raise them instead in a § 2241 petition through the narrow window of § 2255(e)."); *see also Farmer v. Ramirez*, 732 Fed. Appx. 222 (4th Cir. 2018) ("[Petitioner] has failed to satisfy his burden of demonstrating that 28 U.S.C. § 2255 is an inadequate or ineffective means of challenging the validity of his detention because his claim of sentencing error is not premised on a change in settled substantive law and could have been raised on direct appeal.") (unpublished).

Johnson states that she is bringing this § 2241 claim pursuant to the Supreme Court decision in *Bond v. United States*, 564 U.S. 211 (2011). (ECF No. 3 at 3-4). *Bond* does not permit Johnson to bring this claim pursuant to the savings clause, however, because it fails to meet the requirement that the necessary change in law be "subsequent to [a petitioner's] direct appeal and first § 2255 motion." *See Wheeler*, 886 F.3d at 429. *Bond* was decided in 2011, while Johnson's conviction did not become final until March 2, 2015, 90 days after her conviction was affirmed by the Fourth Circuit. *Johnson*, 7:10-cr-00093-BR at ECF No. 237; *Clay v. United States*, 537 U.S. 522, 527 (2003). Given that Johnson could have raised a claim based on *Bond* in her direct appeal or first § 2255 petition, she may not rely on the case now to establish her right to use the savings clause.

As Johnson's argument that § 3231 is unconstitutional does not rely on new and retroactive law—indeed she repeatedly argues that the law has been unconstitutional for over 70 years—it does not fall within the savings clause's narrow application. *See Jones v. Warden, FCI Allenwood*, No. 1:15-CV-13133, 2018 WL 4698493, at *6 (S.D.W. Va. Aug.

16, 2018), *report and recommendation adopted*, No. CV 1:15-13133, 2018 WL 4686442 (S.D.W. Va. Sept. 28, 2018) ("Petitioner is not relying on any retroactive change in the law, and the error he asserts could have, and should have, been raised in his direct appeal or his prior section 2255 motion."); *see also Peets v. Rickard*, No. 1:15-CV-14283, 2018 WL 3653785, at *3 (S.D.W. Va. June 11, 2018), *report and recommendation adopted*, No. CV 1:15-14283, 2018 WL 3650252 (S.D.W. Va. Aug. 1, 2018) ("The petitioner's claims were available to him at the time of sentencing and he should have raised them, if at all, either in a direct appeal or in a timely section 2255 motion."). Accordingly, the undersigned **FINDS** that this claim does not satisfy the requirements of the savings clause.

### ii. Section 2255 is not ineffective as a remedy

An additional hurdle to Johnson's argument that she is entitled to utilize the savings clause to bring this petition is that, regardless of the fact the law she relies on is not new, Section 2255 is clearly not an inadequate remedy for Johnson's claim. Johnson raises a constitutional question, based on a Supreme Court case interpreting constitutional rights and law. Contrary to Johnson's assertion, § 2241 is not the appropriate vehicle to bring this claim. A petitioner may utilize Section 2241 to bring an attack on the validity of his conviction "only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

Johnson's attack is based on the argument that the passage of § 3231 did not comply with constitutional requirements. She relies on a Supreme Court case interpreting constitutional rights and obligations to bring this claim. *See Bond*, 564 U.S. at 214. This type of claim, relying on constitutional rights and interpretation, could be validly brought

in a § 2255 petition. *See Jones,* 226 F.3d at 333-34 (Section 2241 may be utilized only when claim is *not* one based on change in constitutional law). Indeed, Johnson in fact did bring this claim twice as a § 2255 petition. The Fourth Circuit rejected Johnson's construed § 2255 petitions not because Section 2255 was an improper mechanism to raise the claim, but because it determined that the claim did not afford relief.

The fact that Johnson's ground for relief, raised in earlier § 2255 petitions, was denied does not mean that Section 2255 was an inadequate remedy to test the viability of this claim. *See e.g. Jones v. Johnson*, No. 1:16-CV-05767, 2019 WL 2529395, at *3 (S.D.W. Va. May 7, 2019), *report and recommendation adopted*, No. CV 1:16-05767, 2019 WL 2520586 (S.D.W. Va. June 17, 2019) ("Thus, the fact that the petitioner's first section 2255 motion was denied, and his second section 2255 motion, which raised the very same claim he now raises herein, was denied as being untimely, does not make section 2255 inadequate or ineffective to test the legality of his detention and will not permit this court to review his claim under section 2241."). Therefore, the undersigned **FINDS** that this claim is not properly brought in a § 2241 petition as § 2255 was not inadequate as a remedy.

### iii. *Claim lacks merit*

A third, and perhaps more fundamental, reason why Johnson is not entitled to attack the validity of her convictions using the saving clause is that, even assuming the petition were properly before this Court, the ground for relief Johnson identifies is baseless. Johnson is not the first federal inmate to raise the claim that Public law 80-722 was not validly passed, rendering the entire framework of federal criminal prosecution illegal. This claim, often accompanied by many of the same documents as produced by Johnson, has been considered and uniformly rejected by numerous federal courts. *See*

*United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007) (rejecting similar claim as "unbelievably frivolous," and recommending sanctions against the attorney bringing the claim); *United States v. Gonzalez-Arenas*, 496 F. App'x 866, 867 (10th Cir. 2012) (claim that § 3231 unconstitutional because its passage violated the Quorum Clause "frivolous"); *Webb v. Driver*, No. CIV.A. 5:08CV73, 2009 WL 529827, at *3 (N.D.W. Va. Mar. 2, 2009) ("Given the clear weight of authority, this Court concludes that P.L. 80–772 was constitutionally enacted.") (collecting cases); *United States v. Fletcher*, No. CRIM. PJM 05-0179, 2014 WL 1292227, at *3 (D. Md. Mar. 27, 2014) (describing claims of this ilk as "a hoax and rumor which has spread like wildfire to prisoners throughout the entire country.") (quotation omitted); *United States v. Davis*, No. CR 3:11-834-CMC, 2013 WL 12204904, at *1 (D.S.C. May 7, 2013) (rejecting similar claim "currently swirling among prisoners and their jailhouse lawyers regarding the validity of the federal criminal jurisdiction statute."); *United States v. Abdullah*, 289 F. App'x 541, 543 n.1 (3d Cir. 2008) (finding that Public Law 80-772 was constitutionally and validly passed); *Cardenas-Celestino v. United States*, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008) (identifying similar claim as "part of a new rash of frivolous claims raised by prisoners across the country, many of whom have copied the arguments directly from Internet Websites which propound the argument and developed by a Texas firm, International Legal Services."); *Dury v. United States*, No. 1:08-CR-00016-MR-1, 2014 WL 2159037, at *4 (W.D.N.C. May 23, 2014) (denying identical claim); *United States v. McCuiston*, No. C.A. C-07-193, 2007 WL 2688502, at *7 (S.D. Tex. Sept. 12, 2007) (consideration of similar claim barred by "enrolled bill rule") (citing *Public Citizen v. United States District Court for the District of Columbia*, 486 F.3d 1342, 1343 (D.C.Cir.2007)); *United States v. Levy*, 849 F. Supp. 2d 1353, 1355-56 (S.D. Fla. 2012) (rejecting identical claim based on same documents)

(collecting cases); *Perkins v. United States*, No. 13-023C, 2013 WL 3958350, at *4 (Fed. Cl. July 31, 2013) (finding identical claim based on same documents "completely frivolous") (collecting cases).

Johnson's claim that Public Law 80-772 was never constitutionally enacted has been rejected by every federal court to consider it and clearly lacks merit.[4] Accordingly, even if this claim was properly before this Court, the undersigned **FINDS** that it should be dismissed as frivolous.

In summary, the undersigned has concluded that Johnson's claim does not meet the requirements of the savings clause; therefore, the undersigned **FINDS** that Johnson is unable to attack the validity of her convictions using § 2241 and, consequently, this Court lacks jurisdiction to consider the motion. As this Court lacks the jurisdiction to consider this petition, the undersigned **RECOMMENDS** that Johnson's Motion for Summary Judgment, (ECF No. 19), be **DENIED**.

### B. The Petition as a § 2255 Motion

Inasmuch as Johnson's claims are not properly brought under § 2241, her petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Johnson's action, then she will be required to pursue her claim in the United States District Court for the Eastern District of North Carolina. Unlike § 2241 petitions, which are brought in the district where

---

[4] An additional issue plaguing Johnson's contention that Public Law 80-772 was not validly passed is that the various explanations proffered by Johnson as to why the law is invalid are inconsistent, if not flatly contradictory. *See* (ECF No. 2-1 at 19) (law invalid because no quorum present during House vote); (*Id.* at 22); (law invalid because Senate never voted on H.R. 3190 bill prior to the December 19, 1947 *sine die* adjournment); (*Id.* at 28) (law invalid because it in fact never existed); (ECF No. 3-1 at 14) (law invalid because, among other reasons, duplicitous members of the House of Representatives lied to President Truman to obtain his signature on the bill).

the petitioner is incarcerated at the time that he files his petition, *see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

The Court could construe Johnson's petition as a § 2255 motion and transfer it to the sentencing court; however, the undersigned **FINDS** no purpose in this exercise. Johnson's apparent lack of authorization from the Fourth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the sentencing court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine

whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 Fed. Appx. 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

For an appellate court to grant a Johnson's request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite *prima facie* showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of Johnson's claim, it appears that a transfer is not warranted because Johnson does not satisfy the requirements of 28 U.S.C. § 2255(h). *Phillips*, 173 F.3d at 610.

The undersigned need not speculate as to how Johnson's petition would fare if transferred to the Fourth Circuit. The Fourth Circuit has twice previously considered and dismissed the claim Johnson attempts to raise. In May 2017, Johnson filed a motion which was construed by the Fourth Circuit as a request for authorization to file a second

or successive § 2255 petition. *Johnson*, No. 7:10-cr-00093-BR at ECF No. 293. In the motion, Johnson argued that Public Law 80-772 was never constitutionally enacted, rendering § 3231, and thus her conviction, void. *Id.* at ECF No. 286 at 2-3. This motion contained many of the same documents relied upon by Johnson in her current petition. *Id.* at 4-5. The Fourth Circuit summarily denied this claim on October 20, 2017. *Id.* at ECF No. 293 at 3.

Johnson again attempted to raise this claim in February 2018, filing a motion requesting authorization to file a second or successive § 2255 petition which argued that Public Law 80-772 was invalid. *Johnson*, Case No. 18-134, Document No. 2. The Fourth Circuit summarily rejected this request on March 21, 2018. *Id.* at Document No. 9. In the instant petition, Johnson yet again attempts to show that the passage of Public Law 80-722 was invalid. (ECF No. 3 at 3). To transfer to the Fourth Circuit claims which it has already considered and rejected would be, without a doubt, a waste of judicial resources. Given that the Fourth Circuit has considered and refused Johnson's claim for relief based on the same claim presented here, the undersigned **FINDS** that transfer of this petition would be frivolous and thus not warranted under § 1631.

### III.   Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that that Petitioner's Motion regarding the reassignment of her case, (ECF No. 17), be **DENIED;** Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 2), be **DENIED;** Petitioner's Motion for Summary Judgment, (ECF No. 19), be **DENIED;** Respondent's request for dismissal, (ECF No. 10), be **GRANTED;** and this action be **DISMISSED,** with prejudice, and removed from the

docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** November 26, 2019

Cheryl A. Eifert
United States Magistrate Judge