IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

CHARLETTE DUFRAY JOHNSON,

    Plaintiff,

v.                         CIVIL ACTION NO. 1:19-00300

WARDEN,
Alderson Prison Camp,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Findings and Recommendation on November 26, 2019, in which she recommended that the district court deny plaintiff's motion for reassignment of the case, deny plaintiff's petition for a writ of habeas corpus and motion for summary judgment, grant defendant's request for dismissal, dismiss plaintiff's petition under 28 U.S.C. § 2241 with prejudice, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363

(4th Cir. 1989).  Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Johnson timely filed objections to the PF&R.  See ECF No. 26.  With respect to those objections, the court has conducted a de novo review.

Magistrate Judge Eifert's PF&R is thorough and comprehensive and provides an excellent account of the factual and procedural background, as well as the arguments Johnson raises that, according to her, entitle her to habeas relief.  Plaintiff's objections are difficult to decipher.  Furthermore, to a large degree, they do not direct the court to specific errors in the PF&R but, rather, merely restate the same arguments previously made without confronting the deficiencies identified in the PF&R.

Johnson objects to the PF&R's ultimate conclusion that her claims are not cognizable in § 2241.  She does not really grapple with the analysis in the PF&R detailing why she is unable to proceed under the savings clause on these claims --- that her claims do not rely on retroactive law and she has she shown that § 2255 is inadequate or ineffective to address those claims.  As Magistrate Judge Eifert correctly noted, Johnson challenges the

validity of her conviction and sentence and, therefore, in view of the nature of her claims, her application must be considered to be a Motion to Vacate, Set Aside or Correct her sentence under § 2255. Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."). The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). "In determining whether to grant habeas relief under the savings clause, [a court should] consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time; (2) if the law of conviction changed after the prisoner's direct appeal and

first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of constitutional law." Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d at 333-34).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001); see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (citations omitted). A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

As Magistrate Judge Eifert noted in her PF&R, Johnson relies on a case, Bond v. United States, 564 U.S. 211 (2011),

that was decided before her conviction was final.  Likewise, her argument that § 3231 was unconstitutional could have been raised on direct appeal and in her first § 2255 motion.  Therefore, Johnson cannot show that she is entitled to use the savings clause under § 2241 because her claims could and should have been raised on direct appeal or in her first § 2255 motion.  Johnson's objections are **OVERRULED**.

Johnson's argument that this matter should be reassigned to a different judge is likewise without merit.  At the time this action was filed and to this day, all civil actions in the Bluefield division are routinely assigned to the undersigned.  This action is a Bluefield division case and, therefore, the original assignment to Judge Berger was in error.  Johnson's objection is **OVERRULED**.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein.  Accordingly, the court hereby **DENIES** plaintiff's motion for reassignment, **DENIES** plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus and her motion for summary judgment, **GRANTS** defendant's request for dismissal, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241 with prejudice, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 25th day of March, 2020.

ENTER:

David A. Faber
Senior United States District Judge